505 F.2d 310
 86 L.R.R.M. (BNA) 2821, 164 U.S.App.D.C. 203,
74 Lab.Cas. P 10,065
 DOCK BUILDERS, SHORERS, HOUSE MOVERS, PILE DRIVERS AND
FOUNDATION WORKERS, LOCAL UNION NO. 1456, UNITED
BROTHERHOOD OF CARPENTERS AND JOINERS OF
AMERICA, AFL-CIO, Petitioners,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent, Vibroflotation
Foundation Co., Intervenor.
 No. 73-1503.
 United States Court of Appeals, District of Columbia Circuit.
 Argued April 17, 1974.
Decided May 31, 1974.
 
 Clifford S. Bart, for petitioner.
 Frederick Sagan, Atty. N.L.R.B., of the bar of the United States District Court for the District of Columbia, pro hac vice by special leave of court, with whom John S. Irving, Deputy Gen. Counsel, Patrick Hardin, Associate Gen. Counsel, and Elliott Moore, Deputy Associate Gen. Counsel, N.L.R.B., were on the brief, for respondent.
 Carl G. Coben, was on the brief for intervenor.
 Before BAZELON, Chief Judge, and LEVENTHAL and ROBB, Circuit judges.
 PER CURIAM:
 
 
 1
 This is a petition to review a decision and order of the National Labor Relations Board in an unfair labor practice proceeding in which the Board found that the Dock Builders Union[1] was in violation of 8(b)(4)(i) and (ii)(D) of the National Labor Relations Act.[2] The Board found that the Dock Builders was engaged in conduct prohibited by those sections with an object of forcing the Vibroflotation Foundation Company to assign disputed work to employees this union represented. The Board, in an earlier proceeding conducted pursuant to section 10(k) of the Act, issued an affirmative award of the disputed work to the Company's employees represented by Laborers' International Union of North America, Local Union No. 343, AFL-CIO and Local Union No. 835, International Union of Operating Engineers, AFL-CIO and determined that employees represented by Dock Builders were not entitled to perform the disputed work.[3]
 
 
 2
 This decision is not contested on the merits. The contention raised by the Dock Builders on this petition to review is that there was no jurisdictional dispute and that even if there had been a violation the scope of the award should have been limited.
 
 
 3
 The underlying facts are presented in some length in the decision of the Administrative Law Judge, adopted by the Board, and we do not think it necessary to restate them.
 
 
 4
 While the issues presented by petitioner are framed in alternative ways, what seems to us to be the salient contention of the Dock Builders is that the Board's order should not be sustained because the Dock Builders were merely attempting to claim work that it had become contractually entitled to in the past, and it had only become the subject of dispute because of the company's attempt to create conflicting claims by offering the work to another union (the Laborers), which had not claimed it but was willing to accept the employer's assignment. The difficulty is the Board's finding that the record contains no evidence of the contract that is the key ingredient of the Dock Builders' contention. After the hearing held in June, 1972, in the 10(k) proceeding, the Dock Builders presented to the Board a letter moving for a re-opening of the 10(k) record. That motion was opposed by the Company. The Board denied the motion on the ground that the union had failed to set forth facts establishing that the evidence was previously unavailable or could not have been made available at the time of the scheduled 10(k) hearing by the exercise of proper diligence. An effort was made in the 8(b)(4)(D) hearing to present testimony concerning such contract. This was excluded. The Union did not specifically alert the Administrative Law Judge or the Board that this evidence was sought to be admitted for a purpose other than the merits of the resolution of the jurisdictional dispute. We think that under the particular circumstances the Board cannot be held to have acted arbitrarily in treating this case as being made on a record that did not contain a showing of the contract. In that limited fact setting, we see no substantial basis for sustaining petitioner's contentions that the order exceeded the Board's authority. The petition to review will be denied. The Board's cross-petition for enforcement of its order will be granted.
 
 
 5
 So ordered.
 
 
 
 [1]
 Dock Builders, Shorers, House Movers, Pile Drivers and Foundation Workers, Local Union No. 1456, United Brotherhood of Carpenters and Joiners of America, AFL-CIO
 
 
 [2]
 This is recorded at 203 NLRB No. 64
 
 
 [3]
 The earlier decision is reported at 199 NLRB No. 53